**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APPLIED UNDERWRITERS, INC.; APPLIED RISK SERVICES, INC., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COMBINED MANAGEMENT, INC., <br><br> Defendant - Appellee. | No. 08-15014 <br><br> D.C. No. CV07-05129-BZ <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
Bernard Zimmerman, Magistrate Judge, Presiding

Argued and Submitted March 9, 2010
San Francisco, California

Before: REINHARDT and BYBEE, Circuit Judges, and SELNA,[**] District Judge.

Plaintiffs-Appellants Applied Underwriters, Inc. and Applied Risk Services,

Inc. (collectively, "Applied") brought a breach of contract action in California

against Defendant-Appellee Combined Management, Inc. ("Combined"). The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

district court granted Combined's motion to dismiss for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a dismissal for lack of personal jurisdiction *de novo*. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). If the district court decides the motion without an evidentiary hearing, as it did here, then the plaintiff need only make a prima facie showing of jurisdictional facts. *See id.*

Combined is a Maine corporation that does not regularly conduct business outside of Maine. The Applied entities are Nebraska corporations, but they are licensed to do business in California and their "home office" is in San Francisco, California. The contract at issue is a workers compensation insurance policy that was negotiated exclusively via telephone and mail between Applied employees in California and Combined employees in Maine. Activities related to the administration of the policy were conducted at Applied's office in Nebraska.

Since California's long-arm statute is coextensive with federal due process, the jurisdictional analysis is the same under both state law and federal due process. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004); Cal. Civ. Proc. Code § 410.10. Due process requires that a nonresident defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l*

*Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Applied concedes that Combined's contacts with California are insufficient to establish general jurisdiction.

This circuit employs a three-part test to determine whether specific jurisdiction exists. *See Pebble Beach*, 453 F.3d at 1155. Here, the first prong of the test, purposeful availment, is not met. "To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)).

Applied argues that purposeful availment is established because Combined negotiated the contract via telephone and mail with Applied's employees in California and because Combined initially reached out to it in California when Combined's broker sent an email to an Applied employee based in California. Combined disputes that it contacted Applied first. Even if Combined initiated the transaction through its broker, that initial contact and the subsequent negotiations are insufficient on their own to establish purposeful availment because "ordinarily 'use of the mails, telephone, or other international communication simply do not qualify as purposeful activity invoking the benefits and protection of the [forum]

3

state.'" *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991) (quoting *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)).

Applied also argues that the contract envisioned continuing and wide-reaching contacts with California. *See id.* ("The *Burger King* Court, in finding jurisdiction, emphasized that the Michigan franchisee defendant had entered into a relationship that 'envisioned continuing and wide-reaching contacts with Burger King in [the forum].'" (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 (1985))). However, there is no evidence in the record that the contract contemplated performance in California.

Finally, Applied argues that Combined should be judicially estopped from asserting that it lacks minimum contacts with California because it previously took the opposite position before a Nebraska district court. We find that Combined's positions before the two district courts were not clearly inconsistent and therefore decline to apply judicial estoppel.

Because Applied has failed to make a prima facie showing of purposeful availment, we affirm the dismissal for lack of personal jurisdiction. *See Boschetto*, 539 F.3d at 1016 ("[I]f the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed.").

**AFFIRMED**.

4