Filed 12/12/25  Meeker v. Chen CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

<div style="border:1px solid black">

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

</div>

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| BENJAMIN MEEKER,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GUOGIANG CHEN,<br><br>    Defendant and Appellant. | D084993<br><br><br><br>(Super. Ct. No. 37-2019-00058819-CU-BT-NC) |

APPEAL from an order of the Superior Court of San Diego County, Cynthia A. Freeland, Judge.  Affirmed.

The Law Offices of Seth B. Bobroff and Seth B. Bobroff; Jacobs and Adam Sherman for Defendant and Appellant.

Benjamin Meeker, in pro per, for Plaintiff and Respondent.

## I. INTRODUCTION

Benjamin Meeker obtained a default judgment against Guogiang Chen on his complaint for civil extortion, unfair business practices, and intentional and negligent infliction of emotional distress.  Chen moved to set aside that judgment, arguing the trial court lacked personal jurisdiction over him.  The trial court denied Chen's motion, finding both that his supporting evidence

was inadmissible and that there existed a proper basis for personal jurisdiction. Chen challenges that ruling on appeal but fails to establish any error. We therefore affirm.

## II. BACKGROUND

On November 6, 2019, Meeker sued Chen for civil extortion, unfair business practices, and intentional and negligent infliction of emotional distress.[1] The complaint alleged that Chen, a New York resident, attempted to extort Meeker, a California resident, by emailing two letters to Meeker in 2019 regarding their joint Hawaiian business venture and a related Hawaiian lawsuit.[2]

After being served by publication,[3] Chen failed to answer the complaint or otherwise defend the action in the time required by law. The trial court entered Chen's default on June 28, 2021, followed by a default judgment in favor of Meeker in the amount of $1,649,800 on October 9, 2023.

On March 1, 2024, Chen filed a motion to set aside the default and default judgment pursuant to Code of Civil Procedure section 473, subdivision (d).[4] Chen argued the judgment was void because the trial court lacked personal jurisdiction over him. Chen claimed he had "zero connections" to California and that Meeker's complaint failed to establish a

---

[1] The matter also involved Andre Hurst as plaintiff, and Jianhao Hu and Caihua Shang as defendants, but they are not parties to this appeal.

[2] Meeker's request for judicial notice of records regarding the status of the Hawaiian lawsuit is denied because those records are not relevant to our resolution of this appeal.

[3] Chen did not challenge the sufficiency of service by publication in the trial court, nor does he in this appeal.

[4] All further undesignated statutory references are to the Code of Civil Procedure.

valid basis for personal jurisdiction. In support of the motion, Chen filed his own declaration, as well as the declaration of Qingqing Miao. Chen then filed supplemental declarations from himself and Miao with his reply.

The trial court denied the motion, finding all of Chen's supporting evidence inadmissible. The court determined that Chen and Miao's declarations did not comply with section 2015.5, a statute governing admissibility of declarations, because they were executed outside of California and were not signed under penalty of perjury under the laws of California. The court further determined that Miao, who purported to translate Chen's declarations, failed to aver that she is a certified translator. As an independent basis for denial, the trial court concluded that it had specific personal jurisdiction over Chen based on his contacts with California. Chen's timely appeal of the ruling followed.

## III. DISCUSSION

### A. *Section 473(d) and Standards of Review*

A trial "court may, upon motion of the injured party, . . . set aside any void judgment." (§ 473, subd. (d).) "A judgment is void if the trial court . . . lacked personal jurisdiction over the defendant." (*W. Bradley Electric, Inc. v. Mitchell Engineering* (2024) 100 Cal.App.5th 1, 13.) " ' "A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll." ' " (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 370.)[5] Otherwise, voidness may be shown through extrinsic evidence. (*Ibid.*)

---

[5] "When a default judgment has been taken, the judgment roll consists of 'the summons, with the affidavit or proof of service; the complaint; the request for entry of default . . . , and a copy of the judgment.' " (*Kremerman v. White, supra,* 71 Cal.App.5th at p. 370.)

3

"[I]nclusion of the word 'may' in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment. [Citation.] However, the trial court has no statutory power under section 473, subdivision (d) to set aside a judgment that is not void. [Citation.] Thus, the reviewing court faces two separate determinations when considering an appeal founded on section 473, subdivision (d): whether the judgment is void and, if so, whether the trial court properly exercised its discretion in setting (or not setting) it aside. [Citation.] The trial court's determination whether a judgment is void is reviewed de novo; its decision whether or not to set aside a void order is reviewed for abuse of discretion." (*Kremerman v. White, supra,* 71 Cal.App.5th at p. 369.)

Additionally, "[w]e review a trial court's rulings on the admissibility of evidence for abuse of discretion." (*Pilliod v. Monsanto Company* (2021) 67 Cal.App.5th 591, 630.) " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.' " (*Jones v. Solgen Construction, LLC* (2024) 99 Cal.App.5th 1178, 1203.)

Finally, "a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. . . . ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609, citations omitted.)

B.    *The Trial Court Did Not Abuse Its Discretion in Finding Chen's Supporting Declarations Inadmissible*

4

Section 2015.5 "permits use of declarations signed outside California if, among other things, the declarant certifies the truth of his statements *both* 'under penalty of perjury' *and* 'under the laws of the State of California.' " (*Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 614 (*Kulshrestha*).) An out-of-state declaration that fails to include the phrase " 'under the laws of the State of California' " is inadmissible. (*Id.* at p. 618.)

The initial declarations of Chen and Miao filed in support of Chen's motion to set aside the default and default judgment are not included in the record. There is no transcript from the hearing on the motion because the proceeding was not reported, and the parties have not provided an agreed or settled statement (Cal. Rules of Court, rules 8.134, 8.137). Accordingly, we have no way to meaningfully review the trial court's finding that these two declarations were inadmissible under section 2015.5, and we must affirm that ruling.

As for the supplemental declarations from Chen and Miao filed in support of Chen's reply, which are in the record, both were executed outside of California. Chen signed his in Connecticut, and Miao signed hers in Washington. Both declarations contain the following statement at the end: "I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury." These supplemental declarations are inadmissible under section 2015.5 because they were executed outside this state and do not recite that they were made " 'under the laws of the State of California.' " (*Kulshrestha,* at p. 618.)

Chen does not dispute that the four declarations were inadmissible under section 2015.5. Instead, he claims the trial court erred because Meeker did not object to the declarations, thereby waiving any claims of

5

inadmissibility, and the trial court should not have denied his motion for "hyper-technical" curable defects.[6] We disagree.

First, we see no waiver. "[A] court may find evidence to be inadmissible without an objection having been raised by a party." (*Estate of Herzog* (2019) 33 Cal.App.5th 894, 911.) Additionally, the concept of waiver is based on fairness, and it applies when a party and the trial court did not have an opportunity to address an issue. (*Wittenberg v. Bornstein* (2020) 51 Cal.App.5th 556, 567.) Both parties had an opportunity to argue the four declarations' admissibility because that issue was raised in the court's tentative ruling. Nor would it be unfair to consider the declarations' admissibility on appeal because that was an express basis for the trial court's order. Further, even if waiver applied in this context, the lack of any record of the motion hearing prevents Chen from showing that Meeker failed to object. (*Jameson v. Desta, supra,* 5 Cal.5th at p. 609 [" ' "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' "].)

Second, the trial court's ruling was not "hyper-technical." In *Kulshrestha*, the California Supreme Court affirmed a ruling excluding an out-of-state declaration that failed to aver that it was made " 'under the laws of the State of California.' " (*Kulshrestha*, at p. 607.) The declaration merely stated, " 'I declare under penalty of perjury that the above is true and correct.' " (*Ibid*.) As our Supreme Court explained, section 2015.5's " 'under the laws of the State of California' " requirement is not "pointless or

---

6    Chen improperly raises these arguments in a footnote. (*Sandhu v. Board of Administration etc.* (2025) 108 Cal.App.5th 1048, 1062 [" 'Footnotes are not the appropriate vehicle for stating contentions on appeal.' "]) We nonetheless consider them.

optional," and "an out-of-state declaration which materially deviates from section 2015.5 in this regard cannot be used as evidence." (*Id.* at pp. 611, 618.)  The high court found the phrase "necessary for validity and admissibility purposes" because the legislature determined "that declarations used in California courts, particularly those signed outside the state, would not be sufficiently trustworthy absent an express, mandatory reference to California law." (*Id.* at pp. 617–618.)

Accordingly, the trial court was not being "hyper-technical" in finding the Chen and Miao declarations inadmissible for failing to include the phrase "under the laws of the State of California."  Instead, the court was enforcing a requirement that is "necessary for validity and admissibility purposes." (*Kulshrestha*, at p. 618; see also, *Safieddine v. MBC FZ, LLC* (2024) 103 Cal.App.5th 1086, 1094, fn. 9 ["A declaration not signed under penalty of perjury under the laws of California has 'no evidentiary value' and can be disregarded."].)

Lastly, Chen fails to show that the trial court did not allow him an opportunity to cure the defects in the declarations.  The trial court stated its intention to exclude the declarations in its tentative ruling, giving Chen an opportunity to address the issue before the trial court ruled.  Based on the lack of a motion hearing record, we must presume Chen had the option of curing the defects at the hearing.  (*Jameson v. Desta, supra,* 5 Cal.5th at p. 609.)  If he then argued to the trial court that the omission could be cured, and requested an opportunity to do so that the court unreasonably refused, it was his obligation to make and present an adequate record for us to review.

Based on the foregoing, the trial court did not abuse its discretion in finding the Chen and Miao declarations inadmissible under section 2015.5.[7]

## C. *The Trial Court Did Not Err in Denying Chen's Motion*

Chen's motion to set aside asserted that Meeker's complaint failed to establish a valid basis for jurisdiction, apparently challenging the facial validity of the judgment. We disagree.

All four causes of action in the complaint were based on Chen's two extortionate letters. The complaint alleged that Chen sent these letters from within San Diego, and that Meeker's resulting injuries occurred in San Diego. Personal jurisdiction is proper when a non-California resident commits a tort within California. (*Doe v. Damron* (2021) 70 Cal.App.5th 684, 691 ["it is well settled that jurisdiction is proper even when the alleged tort occurred during a single, brief visit. The classic example is a visitor who negligently causes a car accident."].)

Even if we were to find the complaint's allegation that Chen's torts were committed in California too conclusory as Chen argued, Chen's alleged New York residency does not necessarily defeat personal jurisdiction. "[T]he commission of an intentional tort that is directed at a California resident may provide sufficient minimum contacts to support the exercise of personal jurisdiction over the nonresident defendant." (*Integral Development Corp. v. Weissenbach* (2002) 99 Cal.App.4th 576, 587.) That is what the complaint alleges here; namely, that Chen attempted to extort Meeker, a California resident, by directing two letters to Meeker. (See, e.g., *Abbott Power Corp. v. Overhead Electric Co.* (1976) 60 Cal.App.3d 272, 279 [in action for

---

7    Because of this outcome, we need not address the trial court's additional ruling that Chen's declarations were inadmissible for lack of a proper translation.

intentionally inducing breach of contract, court had personal jurisdiction over New Mexican defendant who sent three letters to California urging breach of a contract with Californian plaintiff].)[8]

Accordingly, the alleged lack of personal jurisdiction is not apparent from an inspection of the complaint.  Rather, the facts alleged in the complaint could provide a basis for personal jurisdiction over Chen, and based on the entry of default, those allegations are deemed admitted by Chen.  (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 392.)  Chen has therefore failed to show any facial invalidity in judgment.

As for invalidity based on extrinsic evidence, the only evidence Chen submitted was two declarations from himself and two from Miao.  As discussed above, the trial court acted within its discretion in excluding those four declarations, leaving unsupported Chen's claim of insufficient contact with California.

Based on the facially valid judgment and the lack of any evidence to support Chen's motion, there is no basis to find the judgment void.  As such,

---

[8]     We also note that the transmission of the extortionate letters by email does not defeat personal jurisdiction as Chen suggests.  He cites *Burdick v. Superior Court* (2015) 233 Cal.App.4th 8, 28, for the proposition that " '[t]he connection between the place where an email is opened and a lawsuit is entirely fortuitous.' "  That case is distinguishable because the quoted language comes from a case involving " 'email blasts' " in which the court acknowledged the result " 'may be different if there were evidence that a defendant in some way targeted residents of a specific state.' " (*Ibid*.)  Chen also relies on two breach of contract cases that held that email, phone, and mail contact between the parties was insufficient to establish personal jurisdiction.  (*Applied Underwriters, Inc. v. Combined Management, Inc.* (9th Cir. 2010) 371 Fed.Appx. 834; *Azzarello v. Navagility*, LLC (N.D. Cal., Oct. 16, 2008, No. C-08-2371 MMC) 2008 U.S. Dist LEXIS 117119.)  Those cases are unpersuasive because they did not involve an intentional tort directed at a California resident.

9

the trial court did not abuse its discretion in denying Chen's motion to set aside the judgment.[9]

---

[9] We note that there are potentially conflicting burdens on Chen's motion. "A party seeking relief under section 473 bears the burden of proof." (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1205; see also *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495 ["Although a trial court has discretion to vacate the entry of a default or subsequent judgment, this discretion may be exercised only after the party seeking relief has shown that there is a proper ground for relief."].) On the other hand, " 'When jurisdiction is challenged by a nonresident defendant, the burden of proof is on the plaintiff to demonstrate that sufficient "minimum contacts" exist between the defendant and the forum state to justify imposition of personal jurisdiction.' . . . [¶] If the plaintiff meets this burden, the burden shifts to the defendant to demonstrate that the exercise of jurisdiction would be unreasonable." (*Swenberg v. dmarcian, Inc.* (2021) 68 Cal.App.5th 280, 291, citations omitted.) It seems appropriate to place the initial burden on Chen as the party seeking to set aside a judgment, but the parties do not address this issue. In any event, even if the initial burden was on Meeker, it would be satisfied by the deemed admitted allegations of the complaint, and Chen would not be able to meet his corresponding burden due to his failure to submit any admissible evidence.

## IV. DISPOSITION

The order is affirmed.  Meeker is awarded costs on appeal.


                                                              RUBIN, J.

WE CONCUR:


DATO, Acting P. J.


DO, J.